IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| TYRONE DWAYNE OWENS, JR., #271152, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 2:19-CV-301-MHT |
| ) | |
| WALTER MYERS, et al., ) | |
| ) | |
| Defendants. ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

This 42 U.S.C. § 1983 action is pending before the court on a complaint filed by Tyrone Dwayne Owens, Jr., an indigent state inmate currently incarcerated at the St. Clair Correctional Facility. In the instant complaint, Owens asserts that correctional officers used excessive force against him in October of 2017 during his incarceration at the Easterling Correctional Facility. Doc. 1 at 3. Owens further complains that Warden Myers acted with deliberate indifference to his health and safety. Doc. 1 at 3.

The defendants filed a special report and supplemental special report supported by relevant evidentiary materials, including affidavits, prison reports and a medical record, in which they address the claims for relief presented by Owens. Specifically, the defendant correctional officers deny they used excessive force against Owens and, instead, argue that they used only the amount of force necessary to gain control of Owens, bring him in compliance with several direct orders and maintain security of the facility. Doc. 15-4 at 1.

Warden Myers likewise denies he acted with deliberate indifference to Owens' health or safety. Doc. 15-1 at 1–2.

In light of the foregoing, the court issued an order directing Owens to file a response to the defendants' written reports. Doc. 22. The order advised Owens that his failure to respond to the reports would be treated by the court "**as an abandonment of the claims set forth in the complaint and as a failure to prosecute this action**." Doc. 22 at 1 (emphasis in original). Additionally, the order "**specifically cautioned [the plaintiff] that [his failure] to file a response in compliance with the directives of this order**" would result in the dismissal of this civil action. Doc. 22 at 1 (emphasis in original). The time allotted Owens for filing a response in compliance with the directives of this order expired on August 16, 2019. Doc. 22 at 1. As of the present date, Owens has failed to file a response in opposition to the defendants' written reports. In light of Owens' failure to file a requisite response to the written reports of the defendants, the court finds that this case should be dismissed.

The court has reviewed the file to determine whether a less drastic measure than dismissal is appropriate. *See Abreu-Velez v. Board of Regents of Univ. System of Georgia*, 248 F. App'x 116, 117–18 (11th Cir. 2007). After this review, it is clear that dismissal of this case is the proper course of action at this time. Specifically, Owens is an indigent individual. Thus, the imposition of monetary or other punitive sanctions against him would be ineffectual. Additionally, his inaction in the face of the defendants' reports and evidence strongly suggests a loss of interest in the continued prosecution of this case. Finally, it

appears that any additional effort by this court to secure Owens' compliance with its orders would be unavailing and a waste of this court's scarce judicial resources. Consequently, the court concludes that the abandonment of this case by Owens and his failure to comply with an order of this court warrant dismissal. *Moon v. Newsome,* 863 F.2d 835, 837 (11th Cir. 1989) (holding that, generally, where a litigant has been forewarned dismissal for failure to obey a court order is not an abuse of discretion). The authority of courts to impose sanctions for failure to prosecute or obey an order is longstanding and acknowledged by Rule 41(b) of the Federal Rules of Civil Procedure. *See Link v. Wabash R.R. Co.*, 370 U.S. 626, 629–30 (1962). This authority empowers the courts "to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Id.* at 630–31; *Mingo v. Sugar Cane Growers Co-Op of Fla.*, 864 F.2d 101, 102 (11th Cir. 1989) (holding that a "district court possesses the inherent power to police its docket."). "The sanctions imposed [upon dilatory litigants] can range from a simple reprimand to an order dismissing the action with or without prejudice." *Id*.

For the above stated reasons, it is the RECOMMENDATION of the Magistrate Judge that this case be dismissed without prejudice.

On or before **September 27, 2019** the parties may file objections to the Recommendation. A party must specifically identify the factual findings and legal conclusions in the Recommendation to which the objection is made. Frivolous, conclusive, or general objections to the Recommendation will not be considered.

Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with the provisions of 28 U.S.C. § 636(b)(1) shall bar a party from a de novo determination by the District Court of legal and factual issues covered in the Recommendation and waives the right of the party to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. 11TH Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

DONE this 13th day of September, 2019.

    /s/ Charles S. Coody
UNITED STATES MAGISTRATE JUDGE